C. D. SHEAN *v.* J. W. FLETCHER ET AL

Lands—Judicial Sales to Pay Purchase Money—Recission.

A sale of lands under an order of the court, bond executed by the purchaser, and the sale confirmed without exception to the commissioners report filed prior thereto, is not susceptible of recission, unless the purchaser be prejudiced by being required to pay more than is adjudged in his sale bond.

APPEAL FROM HARDIN CIRCUIT COURT.

May 21,, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Thomas G. Livers and James G. Parsons about the year 1833 purchased by executory contract jointly of Robert Fletcher a tract of land in Hardin county, containing four hundred and ninety-five acres; they agreed to pay, each, one-half of the purchase money, and executed their separate notes for the deferred payments, and also agreed upon the mode of dividing the land.

Parsons sold his half of the tract to Brooks, and about that part there is no controversy. Livers assigned Fletcher's bond for title to appellee Warren Mitchell, and seems to have executed a bond to appellant Shean for the same land.

Mitchell, after having procurred the assignment of Fletcher's bond, brought this action against Fletcher, Livers, Shean, Parsons, and his vendee Brooks for a title. Parsons and Brooks went out of the case as not being interested. Fletcher, in his answer, admitted the execution of the bond filed by Mitchell to Livers, and offered to make the deed to the land to whom the court would adjudge it should be made, alleging that Mitchell and Shean both claimed the land and that he could not safely convey until that controversy was settled. He claimed, however, that $160.27 cents of the purchase money with its interest from the 20th of March, 1833, were due him and unpaid, for which he claimed a lien on the land, and by cross petition sought to enforce it, and to collect his debt. In their answer to Fletcher's cross petition, Mitchell, Livers and Shean admit the indebtedness to Fletcher as alleged

for the land and his right to enforce the vendor's lien for the satis-
faction of his debt, but Mitchell alleges he paid to Fletcher as
part of his debt the sum of about thirty-eight dollars ($38).

After judgment had been rendered in favor of Fletcher's ad-
ministrator for the amount due her and a sale of 95 acres of land
to pay the same, and W. Mitchell purchased, on motion of Shean
that sale was set aside. And on the 3rd day of December, 1855, a
second sale was ordered of said land, or so much thereof as should
be necessary to pay Feltcher the sum of $287.19-100 with interest
from the 15th of January, 1864, till paid, which was the amount
then adjudged due the administratrix of Fletcher from Livers for
the land, and William H. Hays appointed commissioner to execute
the same. Who did so, and on the 28th of May, 1856, reported
to the court the sale, that it was made on the 17th day of March,
1856, as directed by the decree, and appellant Shean agreeing to
pay the debt for 39 acres of the land to be laid off on the south-
west of the tract the same was knocked off to him, who thereupon
executed a sale bond for the amount required to be raised by the
dcree with John Dillard as his surety, which bond was filed with
the report, and on the 5th of June, 1856, no exceptions having
been filed to said report, the same was confirmed.

On the 24th of December, 1863, the court below adjudged that
Warren Mitchell by virtue of the assignment of Fletcher's bond
by Livers was entitled to the residue of the land, which Livers took
in the partition with Parsons, after taking 39 acres from the south-
west portion and setting it apart to Shean by virtue of his purchase
aforesaid and ordered Shean to pay the amount bid for the 39
acres. And of that judgment Shean now complains, with many
other rulings of the court during the progress of the case as
appears from the numerous errors assigned.

The first error assigned relates to the judgment of the 24th of
December, 1863, the most important of which is the rejection of
Shean's claims to the land and adjudging Mitchell entitled to it.
The bond from Livers to Shean is filed and purports to have been
executed on the 13th of April, 1840, in consideration of $500, the
receipt of which was acknowledged. Thomas T. Carrico, the only
subscribing witness to the bond, does not prove anything was paid,
and although Livers and Mitchell both allege and plead that the
bond was without consideration no witness has been called who
proves a consideration. And the theory of Shean that he paid for

the land in debts on Livers is not only positively disproved by Livers, but is also disproved by Dr. Lloyd, who says Livers assigned Shean two notes on him for $500 each, the greater part of which he paid to Shean in satisfaction of Livers' indebtedness to him, and the probability is he was overpaid. Walker and Stewart both prove Livers' statements in relation to how appellant got his bond for the land, showing that he paid nothing for it, and that evidence is not excepted to, but was read without objection. Mitchell proves he paid a fair and valuable consideration for the land.

The sale and purchase by appellant of the 39 acres was proper, the sale confirmed without exception and he is only adjudged to pay what he bid and undertook to pay therefor, and whether he pays to Fletcher's representative or to her and Mitchell can make no difference to him, he is not prejudiced unless he is required to pay more than he bound himself in his sale bond to pay, and that does not seem to be the case.

As to the sale made by Geoghagan, there was no debt to uphold the judgment under which that pretended sale was made, the debt to Fletcher's administrator has been merged, or extinguished by the judgment and sale of the 39 acres to which Shean purchased.

After an examination of each of the numerous errors assigned, none are perceived prejudicial to appellant.

Wherefore, the judgments are affirmed.

*Shean, for appellant.*

*Helm, for appellees.*